IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROMUALD TYBURSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, ROMUALD TYBURSKI ("TYBURSKI"), by and through his undersigned attorney, Josh M. Friedman, and complains against the Defendant, THE CITY OF CHICAGO ("CHICAGO"), as follows:

**INTRODUCTION**

1. This is an action against CHICAGO for age discrimination under Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, arising out of TYBURSKI's employment with CHICAGO.

**PARTIES**

2. TYBURSKI is an individual who resides in this judicial district. TYBURSKI is a citizen of the United States of America, and is entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

3. CHICAGO is a municipal corporation located in this judicial district. At all times relevant hereto, CHICAGO employed in excess of 500 employees and qualifies as an employer for purposes of the ADEA.

## JURISDICTION AND VENUE

4. This matter arises under federal law, and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5. Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) as this is the judicial district where the unlawful employment practices are alleged to have committed.

6. TYBURSKI filed timely charges of discrimination (Nos. 440-2015-04219, 440-2015-05595, and 440-2015-06548 with the Equal Employment Opportunity Commission ("EEOC") alleging that he has been discriminated against based on his age.

7. The EEOC mailed Notices of Right to Sue to TYBURSKI on July 20, 2016. TYBURSKI filed this action within 90 days of his receipt of those Notices. Copies of those Notices are attached hereto and incorporated herein by reference as Group Exhibit A.

8. TYBURSKI has exhausted his administrative remedies and has standing to file this action against CHICAGO.

9. TYBURSKI began his employment with CHICAGO in or around October 1993 as an Operating Engineer Group "C."

10. At all times relevant hereto, TYBURSKI performed his work satisfactorily. He received several promotions and raises during his employment with CHICAGO, and at the time of the events complained of herein he was employed by CHICAGO in the position of Operating Engineer Group "A."

11. TYBURSKI was born on January 15, 1939 and at all times relevant hereto was over 40 years of age. At all times relevant hereto, CHICAGO was aware that TYBURSKI is over the age of 40.

12. Beginning in or around the fall of 2013, TYBURSKI'S supervisor, Brian Somner, subjected TYBURSKI to offensive, age-based comments which were severe and pervasive, and which interfered with his ability to perform his job. These comments included, but were not limited to, statements to the effect that "people of your age should not be working as operating engineers or promoted." TYBURSKI made internal complaints and filed grievances about this harassment, but nothing was done to address it and it continued.

13. In or around June 2014, TYBURSKI applied for a promotion to the position of Assistant Chief Operating Engineer ("ACOE"). TYBURSKI was fully qualified for the position, and he met all the position's posted experience and education requirements.

14. Despite TYBURSKI's qualifications for the position, he was not offered the promotion and it was given to substantially younger individuals who were not as qualified as TYBURSKI for the position.

15. Upon information and belief, TYBURSKI avers that he was denied the promotion because of his age and because of his complaints about age discrimination in the workplace.

16. In or around October 2014, TYBURSKI filed a written age discrimination grievance with CHICAGO regarding the above-referenced age discrimination directed at TYBURSKI. In retaliation for this complaint, TYBURSKI'S managers and co-workers continued to harass TYBURSKI based on his age.

17. In response to CHICAGO'S failure to promote TYBURSKI to the ACOE position, and the ongoing retaliation and age-based harassment directed at him, TYBURSKI filed a charge of age discrimination and retaliation against CHICAGO with the EEOC in April 2015 (Charge No. 440-2015-04219). In retaliation for that charge, Mr. Somner physically assaulted TYBURSKI in an attempt to intimidate him and force him to quit his job with CHICAGO. Additionally, in June 2015, TYBURSKI was assigned to a less favorable work location. Accordingly, TYBURSKI filed a charge of age discrimination and retaliation against CHICAGO with the EEOC on July 2, 2015 (Charge No. 4440-2015-05595). In retaliation for that charge, TYBURSKI was assigned to perform menial tasks not within his job description. Accordingly, TYBURSKI filed a charge of age discrimination and retaliation against CHICAGO with the EEOC on August 19, 2015 (Charge No. 440-2015-06548).

18.     The harassment and retaliation against TYBURSKI is continuing up to the present date, and includes but is not limited to the bringing of false disciplinary charges against TYBURSKI, not sustaining his complaints of age discrimination, and allowing the age-based harassment to continue. In addition, TYBURSKI believes that he will be transferred a prior pumping station where Mr. Somner is located and where he was harassed in the past.

19.     CHICAGO has violated the ADEA by refusing to promote TYBURSKI because of his age.

20.     CHICAGO has violated the ADEA by not redressing the age-based harassment complained of by TYBURSKI and by harassing and falsely disciplining TYBURSKI in retaliation for his opposition to discrimination by his filing internal grievances and EEOC complaints of age discrimination against CHICAGO.

21.     As a direct and proximate result of the unlawful and discriminatory practices alleged above, TYBURSKI has suffered lost compensation and other monetary benefits, lost future employment opportunities, severe emotional and psychological distress, and other forms of damage to be proven at trial.

**WHEREFORE**, TYBURSKI prays for the following relief:

    (a)     Trial by jury on the charges raised in his Complaint, and those investigated with the EEOC and advancement on the Court's docket for a speedy hearing;

(b) That a declaratory judgment be issued that TYBURSKI's rights have been violated as alleged above and that the practices complained of herein are unlawful and in violation of the acts cited;

(c) This the Court permanently enjoin CHICAGO, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law, and from transferring TYBURSKI from his present assignment to any other location without his consent;

(d) That TYBURSKI have and recover from the CHICAGO the promotion applied for, back wages and lost benefits with interest, pre and post judgment interest, compensatory, consequential and punitive damages for emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses for CHICAGO's conduct and for any other damages to which TYBURSKI may be entitled under federal law;

(e) That TYBURSKI be awarded his costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. § 1988 and any other attorney fee statutes; and

(f) Grant such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully Submitted,

ROMUALD TYBURSKI


By /s/Josh Friedman
His attorney

JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
53 W. Jackson Blvd.
Suite 1028
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313